347 So.2d 404 (1977)
PETITION OF POST-NEWSWEEK STATIONS, FLORIDA, INC., for Change in Code of Judicial Conduct.
No. 46835.
Supreme Court of Florida.
June 14, 1977.
Talbot D'Alemberte of Steel, Hector & Davis, Miami, for petitioner.
Joseph C. Jacobs of Ervin, Varn, Jacobs & Odom, Tallahassee, for the Fla. Ass'n of Broadcasters, Inc.
Parker Lee McDonald, Tallahassee, Chairman, for the Fla. Conference of Circuit Judges.
Richard C. McFarlain, Tallahassee, Asst. Director, for The Fla. Bar.
Robert Eagan, State's Atty., and Donald A. Lykkebak, Asst. State's Atty., for State of Fla.
Ellis S. Rubin of the Ellis Rubin Law Offices, Miami, for Rommie L. Loudd.
A. Broaddus Livingston, Tampa, Chairman; and Larry S. Stewart, Miami, Chairman-Elect, for Trial Lawyers Section of The Fla. Bar.
C. Gary Williams of Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, for Society and Professional Journalists, Sigma Delta Chi, Southeast Region and Greater Miami Chapter, intervenor.
Richard E. Gerstein, State's Atty., and N. Joseph Durant, Jr., Chief Asst. State's Atty., for Fla. Pros. Attys. Assn., amicus curiae.
Harold Peter Barkas, Miami, for the Academy of Fla. Trial Lawyers, amicus curiae.
PER CURIAM.
Pursuant to this Court's Supplemental Interlocutory Decision filed April 7, 1977, 347 So.2d 402, the parties of record in the cause have submitted proposed standards of conduct and technology to govern electronic media coverage of proceedings in the courts of Florida during the one year pilot program invoked by the Supplemental Interlocutory Decision. In addition to the proposed standards, the Court has received response to the Supplemental Interlocutory Decision filed on behalf of the Chief Judge of the Eleventh Judicial Circuit of Florida and Sunbeam Television Corporation. The Court's conferee met with a special committee of the Circuit Judges' Conference, counsel of record and other interested parties on May 21, 1977, at which time equipment was demonstrated and implementation of standards was discussed. It was unanimously recommended at the conference on May 21, 1977, that inauguration of the pilot program be postponed until July 5, 1977, to accommodate the July 4th holiday.
In the response of the Chief Judge of the Eleventh Judicial Circuit of Florida, it was recommended that the pilot program be limited in geographic scope to each of two judicial circuits. We have considered this proposal and rejected it on the basis that it would too severely limit the experience which this Court seeks to gain from the pilot program in order to reach a reasoned decision on the merits of the proposed modification of Canon 3 A(7).
In implementing the pilot program and applying the standards hereinafter enunciated, the authority of the presiding judge conferred by statute, rule or common law to control the conduct of proceedings before him shall in no wise be diminished. In this regard, the same rules of law applicable to inclusion or exclusion of the press or public at particular proceedings or during the testimony of particular witnesses shall apply to the electronic media and still photographers.
In consideration of the foregoing, the following standards of conduct and technology are hereby adopted to govern electronic media and still photography coverage of judicial proceedings in Florida during the one-year pilot program commencing at 12:01 a.m. on July 5, 1977, and ending at 11:59 p.m. on June 30, 1978.

*405 1. Equipment and personnel.

(a) Not more than one portable television camera [film camera  16 mm sound on film (self blimped) or video tape electronic camera], operated by not more than one camera person, shall be permitted in any trial court proceeding. Not more than two television cameras, operated by not more than one camera person each, shall be permitted in any appellate court proceeding.
(b) Not more than one still photographer, utilizing not more than two still cameras with not more than two lenses for each camera and related equipment for print purposes shall be permitted in any proceeding in a trial or appellate court.
(c) Not more than one audio system for radio broadcast purposes shall be permitted in any proceeding in a trial or appellate court. Audio pickup for all media purposes shall be accomplished from existing audio systems present in the court facility. If no technically suitable audio system exists in the court facility, microphones and related wiring essential for media purposes shall be unobtrusive and shall be located in places designated in advance of any proceeding by the chief judge of the judicial circuit or district in which the court facility is located.
(d) Any "pooling" arrangements among the media required by these limitations on equipment and personnel shall be the sole responsibility of the media without calling upon the presiding judge to mediate any dispute as to the appropriate media representative or equipment authorized to cover a particular proceeding. In the absence of advance media agreement on disputed equipment or personnel issues, the presiding judge shall exclude all contesting media personal from a proceeding.

2. Sound and light criteria.

(a) Only television photographic and audio equipment which does not produce distracting sound or light shall be employed to cover judicial proceedings. Specifically, such photographic and audio equipment shall produce no greater sound or light than the equipment designated in Appendix A annexed hereto, when the same is in good working order. No artificial lighting device of any kind shall be employed in connection with the television camera.
(b) Only still camera equipment which does not produce distracting sound or light shall be employed to cover judicial proceedings. Specifically, such still camera equipment shall produce no greater sound or light than a 35 mm Leica "M" Series Rangefinder camera, and no artificial lighting device of any kind shall be employed in connection with a still camera.
(c) It shall be the affirmative duty of media personnel to demonstrate to the presiding judge adequately in advance of any proceeding that the equipment sought to be utilized meets the sound and light criteria enunciated herein. A failure to obtain advance judicial approval for equipment shall preclude its use in any proceeding.

3. Location of equipment and personnel.

(a) Television camera equipment shall be positioned in such location in the court facility as shall be designated by the chief judge of the judicial circuit or district in which such facility is situated. The area designated shall provide reasonable access to coverage. If and when areas remote from the court facility which permit reasonable access to coverage are provided all television camera and audio equipment shall be positioned only in such area. Video tape recording equipment which is not a component part of a television camera shall be located in an area remote from the court facility.
(b) A still camera photographer shall position himself or herself in such location in the court facility as shall be designated by the chief judge of the judicial circuit or district in which such facility is situated. The area designated shall provide reasonable access to coverage. Still camera photographers shall assume a fixed position within the designated area and, once a photographer has established himself or herself in a shooting position, he or she shall act so as not to call attention to himself or herself through further movement. Still camera *406 photographers shall not be permitted to move about in order to obtain photographs of court proceedings.
(c) Broadcast media representatives shall not move about the court facility while proceedings are in session, and microphones or taping equipment once positioned as required by 1.(c) above shall not be moved during the pendency of the proceeding.

4. Movement during proceedings.

News media photographic or audio equipment shall not be placed in or removed from the court facility except prior to commencement or after adjournment of proceedings each day, or during a recess. Neither television film magazines nor still camera film or lenses shall be changed within a court facility except during a recess in the proceeding.

5. Courtroom light sources.

With the concurrence of the chief judge of a judicial circuit or district in which a court facility is situated, modifications and additions may be made in light sources existing in the facility, provided such modifications or additions are installed and maintained without public expense.

6. Conferences of counsel.

To protect the attorney-client privilege and the effective right to counsel, there shall be no audio pickup or broadcast of conferences which occur in a court facility between attorneys and their clients, between co-counsel of a client, or between counsel and the presiding judge held at the bench.

7. Impermissible use of media material.

None of the film, video tape, still photographs or audio reproductions developed during or by virtue of the pilot program shall be admissible as evidence in the proceeding out of which it arose, any proceeding subsequent or collateral thereto, or upon any retrial or appeal of such proceedings.

8. Appellate review.

So that the Court may evaluate in depth all experiences engendered under the program at the end of one year, and to preclude appellate activity during the test year, (1) no appellate review shall be available to the electronic or still photographic media from individual orders entered by trial or appellate courts ruling upon matters arising under these standards, and (2) no appellate court shall entertain any petition by the electronic or still photographic media for extraordinary writ seeking in any way to affect such media reporting of a judicial proceeding or proceedings; provided however, that any party to this proceeding, any electronic media representative or any circuit or district court chief judge may at any time during the one-year pilot program apply to this Court, with proper notice to all parties, to amend the standards set out in this Order for the purpose of meeting unforeseen technical difficulties in their general application.

9. Evaluation of program.

At the conclusion of the one-year pilot program, all media participants in the program, all parties hereto, and all participating judges are requested to furnish to the Court a report of their experience under the program, so that the Court can determine whether or to what extent Canon 3 A(7) shall be modified.
It is so ordered.
OVERTON, C.J., and ADKINS, BOYD, ENGLAND, SUNDBERG and HATCHETT, JJ., concur.
KARL, J., concurs specially with an opinion.
KARL, Justice, concurring specially.
I concur with the majority in establishing the one-year pilot program and adopting standards of conduct and technology to govern the electronic media and still photography coverage of judicial proceedings in Florida, but I would establish far less restrictive standards.
*407 The justification for standards is the potential for distracting noises and movements and the possibility that the electronic media reporters will have an effect on the outcome of the trials by concentrating on certain witnesses and excluding others. These are legitimate concerns, and every effort should be made to avoid any activity in the courtroom that interferes with the litigants' rights to fair trials. However, the standards promulgated by the majority go further than necessary.

APPENDIX A

FILM CAMERAS __________ 16mm Sound on Film (self blimped)
1. CINEMA PRODUCTS CP-16A-R Sound Camera
2. ARRIFLEX 16mm-16BL Model Sound Camera
3. FREZZOLINI 16mm (LW16) Sound on Film Camera
4. AURICON "Cini-Voice" Sound Camera
5. AURICON "Pro-600" Sound Camera
6. GENERAL CAMERA SS III Sound Camera
7. ECLAIR Model ACL Sound Camera
8. GENERAL CAMERA DGX Sound Camera
9. WILCAM REFLEX 16mm Sound Camera
VIDEO TAPE ELECTRONIC CAMERAS
1. Ikegami HL-77 HL-33 HL-35 HL-34 HL-51
2. RCA TK 76
3. Sony DXC-1600 Trinicon
3a. ASACA ACC-2006
4. Hitachi SK 80 SK 90
5. Hitachi FP-3030
6. Philips LDK-25
7. Sony BVP-200 ENG Camera
8. Fernseh Video Camera
9. JVC-8800 u ENG Camera
10. AKAI CVC-150 VTS-150
11. Panasonic WV-3085 NV-3085
12. JVC GC-4800u
*408 VIDEO TAPE RECORDERS/used with video cameras
1. Ikegami 3800
2. Sony 3800
3. Sony BVU-100
4. Ampex Video Recorder
5. Panasonic 1 inch Video Recorder
6. JVC 4400
7. Sony 3800H