358 So.2d 1360 (1978)
Petition of POST-NEWSWEEK STATIONS, FLORIDA, INC., for Change in Code of Judicial Conduct.
No. 46835.
Supreme Court of Florida.
May 11, 1978.
Rehearing Denied July 5, 1978.
Rehearing Denied July 5, 1978. See 359 So.2d 1195.
PER CURIAM.
By Supplemental Interlocutory Decision filed April 7, 1977,[1] implemented by Order *1361 filed June 14, 1977,[2] which adopted standards of conduct and technology, this Court invoked a pilot program authorizing coverage of judicial proceedings in the courts of Florida by the electronic media and still photographers in order to assist the Court in reaching a reasoned decision upon the petition of Post-Newsweek Stations, Florida, Inc., for modification of Canon 3 A(7), Code of Judicial Conduct. By the terms of the orders the pilot program shall terminate at 11:59 p.m. on June 30, 1978. To aid the Court in evaluating the pilot program it was requested that all media participants, all parties hereto, and all participating judges furnish the Court a report of their experiences under the program at its conclusion.
A request has been received from counsel representing Post-Newsweek Stations, Florida, Inc., under date of March 3, 1978, that the Court (i) allow current submission of papers evaluating the experiment to date and (ii) allow the continuation of full media coverage after July 1, 1978. It is suggested that petitioner be permitted to file papers in support of its petition within 30 days after April 1, 1978, with all other parties being authorized to respond within 30 days from the filing by petitioner. It is further suggested that all parties be permitted a short time after July 1, 1978, within which to supplement their papers.
In consideration of the foregoing:
(1) The pilot program shall terminate at 11:59 p.m., June 30, 1978, as designated by the decisions of this Court filed April 7, 1977 and June 14, 1977, respectively. The provisions of Canon 3 A(7), Code of Judicial Conduct,[3] shall govern the presence of electronic media and still photographers in the court facilities of this State after June 30, 1978, and until further order of the Court in this cause. The avowed purpose of the pilot program authorized in these proceedings was to aid this Court in reaching a reasoned decision upon the application for modification of Canon 3 A(7). No cause has been made to appear to require a modification of the procedure earlier established and, in fact, a revision of this procedure arguably will impede the orderly consideration of the issues by this Court.
(2) To promote the orderly presentation of views evaluating the pilot program and arguments supporting or opposing modification of Canon 3 A(7), proponents of the petition for modification shall be allowed until June 15, 1978, within which to submit written argument and supporting materials. Opponents to the petition shall be allowed until July 15, 1978, within which to respond in writing to arguments of the proponents and submit supporting materials. Proponents shall then be allowed until July 31, 1978, to reply to arguments of the opponents.
(3) Consistent with paragraph numbered 9 of this Court's Order filed June 14, 1977,[4] all media participants, all parties hereto, all participating judges, and any member of the public who has participated in the experiment are invited to furnish to the Court, during the period commencing July 1, 1978 and ending July 31, 1978, a report of their experiences and views under the program.
It is so ordered.
ENGLAND, SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.
OVERTON, C.J., concurs in part and dissents in part with an opinion, with which ADKINS, J., concurs.
BOYD, J., concurs in part and dissents in part with an opinion, with which ADKINS, J., concurs.
OVERTON, Chief Justice, concurring in part, dissenting in part.
I concur in provisions in the majority opinion that set forth the procedure for the presentation of all views evaluating the pilot program. I dissent on that portion of *1362 the order that denies the request to extend the pilot period beyond June 30, 1978. I would extend the pilot period until September 15, 1978. There have been no substantial problems presented to this Court with regard to the pilot program. In view of this fact, I see no justification for not extending the pilot program to a time certain within which a final opinion may be rendered by this Court.
ADKINS, J., concurs.
BOYD, Justice, concurring in part and dissenting in part.
I concur in that portion of the majority opinion providing for receiving and evaluating evidence in anticipation of a permanent decision relating to new procedures of photographic and electronic recording equipment in courtrooms.
I dissent to that portion of the opinion limiting responses to media participants and all participating judges. Since the final order to be entered will affect the lives of almost every person in this State, the public generally should be invited to give expressions of views to this Court.
I further dissent to that portion of the order terminating the experiment on June 30, 1978. Responses which I have heard from judges and lawyers thus far lead me to conclude that the public will be beneficially affected by continuing the program indefinitely pending review by this Court. After one calendar year judges, lawyers, jurors, witnesses, news reporters and the viewing public have grown accustomed to cameras in court. The temporary termination of such activity, with the probability of its renewal within a few weeks, would tend to disrupt and frustrate the program which at this time appears to be generally accepted in this State.
ADKINS, J., concurs.
NOTES
[1] In re Petition of Post-Newsweek Stations, Florida, Inc. for Change in Code of Judicial Conduct, 347 So.2d 402 (Fla. 1977).
[2] Petition of Post-Newsweek Stations, Florida, Inc., for Change in Code of Judicial Conduct, 347 So.2d 404 (Fla. 1977).
[3] 32 F.S.A. 198-99 (Supp. 1978).
[4] 347 So.2d at 406.