376 So.2d 455 (1979)
Reginald Evans SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. LL-179.
District Court of Appeal of Florida, First District.
October 31, 1979.
Rehearing Denied December 3, 1979.
William J. Sheppard, Jacksonville, for appellant.
Jim Smith, Atty. Gen., Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
SHIVERS, Judge.
Appellant's first conviction of second degree murder was reversed and remanded for a new trial by this court in Smith v. State, 344 So.2d 915 (Fla. 1st DCA, 1977). Appellant was convicted of second degree murder following his second jury trial. The second trial was conducted during Florida's one year experiment with cameras in the courtroom. The appellant first learned that there would be television coverage of the trial on the first morning of the trial. Appellant objected to the trial being televised. Following extensive argument of counsel, the trial court denied the appellant's objection. Appellant thereafter moved the court for a continuance of the proceedings for the purpose of examining the possibility of a change of venue. The appellant did not ask for a continuance for an evidentiary hearing on whether the presence of television in the courtroom would adversely affect appellant's trial.
Appellant does not contend that the electronic media's presence in the courtroom caused any significant overt disruption of the judicial process or that his counsel rendered incompetent efforts on his behalf. Appellant asserts that the presence of the electronic media at his trial greatly frustrated his ability to have a meaningful interaction with counsel and to participate in his own defense. Appellant cites Green v. State, 377 So.2d 193 (Fla. 3d DCA 1979) in support of his contention that he should have been given the opportunity to present an evidentiary hearing to substantiate his claim that the presence of the electronic media would deny him the effective assistance of counsel. In Green, supra, the appellant had specifically requested a continuance for the purpose of conducting an evidentiary hearing to explore whether the presence of television cameras in the courtroom would adversely affect the appellant's trial. Here, there was no motion for a continuance for the purpose of conducting an evidentiary hearing to examine the effects of the television cameras on appellant's right to a fair trial.
*456 The trial was conducted within the guidelines set down by the Florida Supreme Court in Petition of Post-Newsweek Stations, Florida, Inc., 347 So.2d 404 (Fla. 1977). The arguments of appellant are speculative and contradictory to the findings of the Supreme Court in Petition of Post-Newsweek Stations, Florida, Inc., 370 So.2d 764 (Fla. 1979). We therefore reject appellant's argument that the presence of television cameras combined with the unusual circumstances of the case denied appellant due process of law and the effective assistance of counsel. In fairness to the appellant's able counsel, it should be pointed out that the decision of Green v. State, supra, was decided after appellant's second trial.
Appellant cites the following dialogue between an expert witness for the State and the Assistant State Attorney during the State's rebuttal case as being prejudicial and requiring reversal.
"Question: Will you explain why you did not make a diagnosis of the defendant at that time?
Answer: My primary aim in performing the evaluation was twofold. It was a court ordered evaluation, and I was doing it in order to render basically two opinions: (1) Was the defendant competent at the time to assist counsel in the preparation of his defense? and (2) Was he legally sane?"
Counsel for appellant immediately objected to the dialogue and moved the court for a mistrial. The trial court denied the motion for mistrial but did instruct the jury to disregard the quoted question and answer. We are of the opinion, and so hold, that the immediate instruction of the trial court cured whatever error there may have been in the comment.
AFFIRMED.
MILLS, C.J., and McCORD, J., concur.