479 So.2d 824 (1985)
Charles GRAHAM, Appellant,
v.
STATE of Florida, Appellee.
No. 85-418.
District Court of Appeal of Florida, Second District.
December 13, 1985.
*825 James Marion Moorman, Public Defender, and Ann N. Radabaugh, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Acting Chief Judge.
Appellant was convicted of robbery in violation of section 812.13, Florida Statutes (1983). On appeal, he asserts the trial court erred in failing to declare a mistrial because of a reference to the out-of-court declarations of two nontestifying witnesses.
Prior to trial, the court granted appellant's motion in limine to prevent the introduction of statements made by two nontestifying witnesses regarding the identification of appellant as the perpetrator of the robbery. At trial, two witnesses to the robbery and the victim testified for the state. In response to the prosecutor's inquiry concerning whether there were other witnesses to the robbery, police officer Michael Holloway stated, "When we arrived back at the robbery scene, there were two black females there who also identified the subject (appellant) as being the perpetrator." The court sustained appellant's objection and admonished the prosecutor for failing to instruct the witness to avoid giving testimony contrary to the order in limine. The court gave the jury a cautionary instruction to disregard Holloway's statement but denied appellant's motion for mistrial.
The disputed testimony was inadmissible hearsay. § 90.801(1)(c), Fla. Stat. (1983). This testimony was potentially damaging because it bore upon the pivotal issue of identification. The issue before us is whether its effect upon appellant's conviction could be deemed harmless in light of the other evidence in the case.
The record reflects that the victim did not see the assailant. However, the two witnesses to the robbery who testified at the trial were driving by in an automobile when the robbery took place. They gave chase first in their automobile and later on foot. Both pursuers lost sight of the offender for about a minute. When they came upon the appellant and accused him of the robbery, appellant made no attempt to flee and denied their accusations. One of the pursuers said that appellant was "the same person that I was pretty sure we were chasing" and made an in-court identification of appellant. The other witness had not seen the assailant's face during the robbery and could not identify him in court. He concluded that appellant was the robber because he was wearing similar clothing, although he had given a different description of the clothing in an earlier deposition. The police recovered the victim's wallet which the robber had thrown away during the chase, but no fingerprints could be obtained. Appellant testified that he did not commit the robbery.
The state's proof was sufficient to support a conviction. We cannot say, however, that the evidence was so overwhelming that the jury could not have reasonably reached a different conclusion if it had not heard the tainted evidence. The giving of a curative instruction will often obviate the necessity of a mistrial. E.g., Smith v. State, 376 So.2d 455 (Fla. 1st DCA 1979), *826 cert. denied, 402 So.2d 613 (Fla. 1981). However, there are some instances in which the prejudice is so great that it is impossible "to unring the bell." McMillian v. State, 409 So.2d 197 (Fla. 3d DCA 1982). We hold that the reference to the two nontestifying witnesses' identification deprived appellant of a fair and impartial trial. Postell v. State, 398 So.2d 851 (Fla. 3d DCA), petition for review denied, 411 So.2d 384 (Fla. 1981); Molina v. State, 406 So.2d 57 (Fla. 3d DCA 1981).
Therefore, we reverse appellant's conviction and remand for a new trial.
CAMPBELL and FRANK, JJ., concur.