390 So.2d 484 (1980)
William Joseph HARVEY, Appellant,
v.
STATE of Florida, Appellee.
No. 80-37.
District Court of Appeal of Florida, Fourth District.
November 26, 1980.
Thomas A. Wills and Philip Carlton, Jr., of Law Offices of Philip Carlton, Jr., Miami, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert L. Bogen and Joy B. Shearer, Asst. Attys. Gen., West Palm Beach, for appellee.
ANSTEAD, Judge.
This is an appeal from a judgment of conviction and sentence for possession of marijuana. At issue is the sufficiency of the evidence to sustain appellant's conviction.
The state sought to prove appellant's constructive possession of marijuana found hidden on a boat on which appellant and the boat's operator were arrested. The appellant testified that he was a marine mechanic and on board the boat to make repairs. The operator of the boat pleaded guilty and testified to appellant's innocence. Several other witnesses testified in support of the appellant's explanation of his presence on the boat. The state relied on appellant's presence on the boat and the odor of the marijuana to establish his knowledge and ability to control the contraband. We agree with appellant and the state's proof was insufficient.
In D.J. v. State, 330 So.2d 35 (Fla. 4th DCA 1976), we reversed a conviction for possession of marijuana where the defendant was the joint occupant of an automobile wherein small amounts of marijuana were found in plain view in various locations in the automobile, some of which were in close proximity to the defendant. Our views in this case as to the sufficiency of the evidence and in particular on the issue of circumstantial evidence are similar to those expressed in that case by Judge Parham:
It is well established that if the premises on which the drugs are found is not in the exclusive but only in the joint possession of the accused, knowledge of the drug's presence on the premises and the ability to maintain control over it by the accused will not be inferred but must be established by proof. Frank v. Frank, Fla.App. 1967, 199 So.2d 117, 120; Markman v. State, Fla.App. 1968, 210 So.2d 486, 487; Harris v. State, Fla.App. 1974, 307 So.2d 218, 220.
The only evidence in this case with which the State could prove knowledge of the presence of marijuana by the defendant is as quoted above. This is clearly circumstantial evidence, and in order for circumstantial evidence to be sufficient for conviction, it must be "... consistent with the accused's guilt, inconsistent with innocence and must exclude every reasonable hypothesis except that of guilt." Brown v. State, 1937, 127 Fla. 225, 172 So. 921; Miller v. State, Fla.App. 1972, 270 So.2d 423, 424; Gaetano v. State, Fla. *485 App. 1973, 273 So.2d 84, 86; Whitehead v. State, Fla.App. 1973, 273 So.2d 146, 147, 148; Harris v. State, Fla.App. 1974, 307 So.2d 218, 220.
We are of the opinion that the facts subjudice are supportive of reasonable hypotheses of the defendant's innocence and, for this reason, the Adjudication of Delinquency and Order of Commitment to Division of Youth Services hereby are reversed, with directions to discharge the appellant.
330 So.2d at 36.
The state contends that knowledge, here claimed by the state to be inferred from the obvious smell of marijuana,[1] coupled with a potential physical ability to control the marijuana, is sufficient to establish the knowledge and ability to control that constitutes constructive possession. We cannot agree. In D.J. v. State, supra, the evidence of defendant's knowledge was greater than that presented here and that defendant's potential ability to reach out and control the marijuana involved was demonstrated to be much greater than that ability to control shown to be possessed by appellant. Yet, as noted, such evidence alone was found insufficient to sustain a conviction for constructive possession.
In Spataro v. State, 179 So.2d 873 (Fla. 2d DCA 1965), it was held that it may not be inferred from joint occupancy alone that the joint occupant knew of the presence of a hidden illegal substance and also had control of it. The court held that under such circumstances, there must be independent evidence presented to establish the co-tenant's knowledge and control. As independent evidence in Spataro, the state presented the testimony of the defendant's sole co-tenant, which testimony clearly established the defendant's knowledge and control of the marijuana involved. That proof contrasts sharply with the circumstantial evidence presented here which, although perhaps consistent with appellant's guilty knowledge, was not inconsistent with his claim of innocence. Such circumstantial evidence is insufficient to sustain a conviction. D.J. v. State, supra.
Accordingly, this cause is reversed and remanded with directions that defendant be discharged.
BERANEK and HERSEY, JJ., concur.
NOTES
[1] Although not necessary to our decision we also have difficulty accepting the state's contention that knowledge can be inferred merely from the odor of hidden marijuana. The odor was detected by a police official who, by training and experience, was qualified to identify the odor. There was no evidence presented to establish that the odor was sufficiently unique so as to be recognized by anyone who encounters it or that the appellant was familiar with such odor.