398 So.2d 885 (1981)
D.K.W., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. TT-150.
District Court of Appeal of Florida, First District.
April 30, 1981.
Rehearing Denied June 9, 1981.
Michael J. Minerva, Public Defender, Nancy A. Daniels, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., David Gauldin, Asst. Atty. Gen., for appellee.
PER CURIAM.
Appellant, a juvenile, appeals his conviction of possession of less than 20 grams of marijuana, arguing there was insufficient evidence to support a conclusion that he constructively possessed the marijuana. We agree and reverse.
The evidence at trial showed appellant and his co-defendant were arrested in front of a high school. The arresting officer testified that he observed the two boys sitting on top of a wall near the school office. He detected a strong odor of marijuana as he approached them. After he placed them in the patrol car, he noticed a partially smoked marijuana cigarette (roach) on the wall where the boys had been sitting.
*886 When the officer looked behind the wall, he found a quantity of marijuana cigarettes. The officer testified that he informed appellant of his rights and that appellant understood those rights. However, he made no effort to have appellant sign a waiver of rights form, since he did not feel the crime was as serious as robbery, rape, or burglary. Over objection, the officer was permitted to testify that appellant stated he had smoked some marijuana.
Appellant's co-defendant testified the marijuana was his and not appellant's. He stated he had purchased the marijuana approximately one hour before the arrest and appellant was not with him at the time of purchase. Although the arresting officer testified that appellant indicated that the marijuana "was both of theirs," the record shows that the officer based this conclusion on the fact that both defendants admitted smoking marijuana; such a conclusion is unwarranted in these circumstances. We also note that the officer's arrest report indicates that appellant denied ownership of the marijuana.
The state attempted proof of constructive possession by the fact that a quantity of marijuana was found near where appellant was sitting, that a marijuana cigarette, which was not introduced into evidence, was found near where the boys were sitting, and that appellant stated he had smoked some marijuana. These facts, the state contends, showed appellant's knowledge of the presence of the marijuana and his ability to control it.
We are not so persuaded and conclude the conviction should be reversed for insufficiency of proof of constructive possession. While constructive possession may be shown by circumstantial evidence, such evidence must be consistent with appellant's guilt and inconsistent with his innocence. Taylor v. State, 319 So.2d 114 (Fla.2d DCA 1975). Mere proximity to the marijuana under the circumstances here is not enough to show appellant could exercise the requisite dominion. In Taylor, a defendant was a visitor in an apartment where drugs were found. Taylor's close proximity permitted an inference that he could exercise dominion over the drugs, but constructive possession was negated by the fact that other persons present could also exercise such control, so that the evidence was not necessarily inconsistent with defendant's innocence.
In Harvey v. State, 390 So.2d 484 (Fla. 4th DCA 1980), a conviction for constructive possession was reversed where the circumstantial evidence of the strong odor of marijuana onboard a boat was insufficient to establish knowledge and ability to control the contraband by the defendant, a co-occupant of the boat. The opinion refers to "the circumstantial evidence presented here which although perhaps consistent with appellant's guilty knowledge, was not inconsistent with his claim of innocence. Such circumstantial evidence is insufficient to sustain a conviction." Harvey, supra.
In the present case the marijuana was found in a public place, behind a wall at a school, in special proximity equally near both boys, and appellant's co-defendant testified that it was his marijuana. The only other evidence tending to show constructive possession was appellant's statement that he had smoked some marijuana, and the reference to a "roach" which the officer found near where the boys were sitting. However, this evidence is not inconsistent with appellant's innocence as to the possession charge.
Although the evidence may be consistent with appellant's guilt, it is not inconsistent with his claim of innocence. Harvey, supra. We therefore find it is insufficient to sustain the conviction based on constructive possession in this case, and the judgment is accordingly reversed.
SHAW and WENTWORTH, JJ., concur.
ERVIN, J., dissenting with opinion.
ERVIN, Judge, dissenting.
The arresting officer's testimony reveals that in August, 1979, at 10:00 p.m., the officer saw two juveniles sitting next to each other on a wall on school grounds, and upon approaching them, he smelled the odor of marijuana. After placing both of them *887 inside the patrol car he noticed a small marijuana cigarette where the two had been sitting. Found behind the wall were a large number of marijuana cigarettes. Following questioning, appellant admitted smoking the "roach" and that the marijuana cigarettes belonged to him and his companion.
The rule recognized in Frank v. State, 199 So.2d 117 (Fla. 1st DCA 1967) is that when the state seeks to convict one who is in joint possession of drugs, it must present evidence showing the defendant's knowledge of the drugs' presence on the premises and the ability of the defendant to maintain control over them. In my judgment, the delinquency adjudication was amply supported by evidence of both factors. One of the means of establishing knowledge is "by actual incriminating statements... ." Markman v. State, 210 So.2d 486, 487 (Fla.3d DCA 1968). Although the companion testified at the delinquency hearing that the marijuana was his, this testimony was refuted by that of the interrogating officer, who, as observed, stated that appellant advised him the marijuana belonged to both him and his friend. The trier of fact was privileged to reject one witness's testimony in favor of another's. This statement, together with other evidence revealing appellant's close proximity to the drugs, requires that the adjudication be affirmed.