460 So.2d 986 (1984)
George GREEN, Appellant,
v.
STATE of Florida, Appellee.
No. 83-2296.
District Court of Appeal of Florida, Fourth District.
December 19, 1984.
Sara Blumberg of Dubiner & Blumberg, P.A., West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sarah B. Mayer, Asst. Atty. Gen., West Palm Beach, for appellee.
DELL, Judge.
George Emmett Green appeals from a judgment and sentence imposed after a jury found him guilty of possession of cocaine. He asserts that the State presented insufficient evidence to sustain the conviction. We agree and reverse.
A police officer and a confidential informant negotiated the purchase of five kilograms of cocaine with several individuals, other than appellant. The police officer and the confidential informant entered the bedroom of an apartment to complete the transaction. In the bedroom they saw cocaine on a table and saw appellant standing about ten feet away. Appellant did not participate in any of the conversations concerning the cocaine nor did he have any physical contact with it. After completing the negotiations the police officer left the room to signal the arrest. The police arrested appellant and the others in the apartment.
Appellant argues that the State failed to prove that he had constructive possession of the cocaine. In Wale v. State, 397 So.2d 738, 739 (Fla. 4th DCA 1981), we held that three elements must be proved to establish constructive possession: "(1) The accused must have dominion and control over the contraband; (2) The accused must have knowledge that the contraband is within his presence, and; (3) The accused must have knowledge of the illicit nature of the contraband." Appellee presented sufficient evidence to establish the second and third elements only. The evidence established appellant's presence in a room with cocaine in plain view, and established that appellant knew of the illicit nature of the contraband. However, appellant did not reside at the apartment, and appellee did not present other circumstantial evidence to establish that appellant had the ability to *987 exercise dominion and control over the cocaine.
In Johnson v. State, 456 So.2d 923 (Fla. 3d DCA 1984), the Third District Court of Appeal stated:
Mere proximity to contraband, without more, is legally insufficient to prove possession. Bass v. United States, 326 F.2d 884 (8th Cir.), cert. denied, 377 U.S. 905, 84 S.Ct. 1164, 12 L.Ed.2d 176 (1964). In many instances, however, the ability to control narcotics will be inferred from the ability to exercise control over the premises where they are found. For this reason, the cases have sharply distinguished between the culpability of a mere visitor from that of an owner or an occupant of premises containing illicit drugs in plain view. Compare Brown (ownership and/or joint occupancy of premises is sufficient to support a conviction for constructive possession as to each person where drugs are discovered in plain view in their presence) with Taylor v. State, 319 So.2d 114 (Fla. 2d DCA 1975) (defendant's proximity to marijuana in plain view was merely circumstantial evidence insufficient to support conviction for constructive possession where defendant did not own or live on the premises and did not have control or joint control of the premises or the drugs).
See also Gonzalez v. State, 455 So.2d 1131 (Fla. 2d DCA September 19, 1984) and Kickasola v. State, 405 So.2d 200 (Fla. 3d DCA 1981).
Appellee misplaces its reliance on Brown v. State, 428 So.2d 250 (Fla. 1983), cert. denied, ___ U.S. ___, 103 S.Ct. 3541, 77 L.Ed.2d 1391 (1983), since it did not prove that appellant resided at the apartment. Appellee's evidence did not establish that appellant had dominion and control over the contraband, and therefore we reverse appellant's conviction and remand with directions that he be discharged.
REVERSED and REMANDED.
LETTS and WALDEN, JJ., concur.