501 So.2d 176 (1987)
Epta BROOKS and Daphne Mollisom, Appellants,
v.
STATE of Florida, Appellee.
No. 85-983.
District Court of Appeal of Florida, Fourth District.
January 28, 1987.
*177 Jonathan B. Blecher of Entin, Schwartz, Dion & Sclafani, North Miami Beach, for appellant-Epta Brooks.
Ronald A. Dion of Entin, Schwartz, Dion & Sclafani, North Miami Beach, for appellant-Daphne Mollisom.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Robert L. Teitler, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
This is an appeal of judgments and sentences entered after jury trial. The appellants challenge the sufficiency of the evidence. We reverse.
The defendants, Epta Brooks and Daphne Mollisom, were charged by information with trafficking in cocaine, possession of cannabis, and possession of drug paraphernalia. The evidence presented by the state at trial indicated that both appellants were found by police in the master bedroom of the house where Daphne was a visitor and Epta resided as a tenant, albeit in another bedroom. The house belonged to Maria Jackson, who resided there in the master bedroom and who gave the police consent to search the residence. A police officer testified that when he entered the master bedroom he found Daphne sitting in front of the walk-in closet talking on the telephone. Epta was walking out of the closet carrying an empty hanger. Upon looking through the open doorway the officer saw in plain view a gun on the right closet shelf and a ziplock plastic bag containing white stuff, sticking out from between blankets on the left shelf. The white substance was believed by the police to be cocaine. Both women were taken into custody and moved to the family room. The search of the master bedroom closet continued and drug paraphernalia (a grinder, a strainer, and a cutting agent) was found. In the family room a can containing cannabis was found. All the drugs tested positive in the field tests. Another officer testified consistently with the first officer's testimony plus adding the following facts: Epta was within arm's reach of the cocaine in the closet and Daphne would be if she stood up. At this point the state rested its case and the defendants made motions for judgment of acquittal which were denied.
This court has held that the only evidence the reviewing court may consider in considering the propriety of a trial court's denial of a motion for judgment of acquittal made at the end of the state's case and subsequently renewed, is that presented by the state in its case in chief. Richardson v. State, 488 So.2d 661 (Fla. 4th DCA 1986). From that evidence as set out above, it is clear neither Daphne or Epta had actual possession because "actual possession exists where the accused has physical possession of the controlled substance and knowledge of such physical possession." Willis v. State, 320 So.2d 823, 824 (Fla. 4th DCA 1975). Absent actual possession, the state was then obliged to prove constructive possession. The elements of this are:
Appellant argues that the State failed to prove that he had constructive possession of the cocaine. In Wale v. State, 397 So.2d 738, 739 (Fla. 4th DCA 1981), we held that three elements must be proved to establish constructive possession: "(1) The accused must have dominion and control over the contraband; (2) The accused must have knowledge that the contraband is within his presence, and; (3) The accused must have knowledge of the illicit nature of the contraband."
*178 Green v. State, 460 So.2d 986 (Fla. 4th DCA 1984). See also Brown v. State, 428 So.2d 250 (Fla. 1983). All that the evidence against Daphne shows is that she was found sitting on the bedroom floor, talking on the telephone, in front of a closet containing cocaine. Close proximity to contraband is insufficient in and of itself to constitute actual or constructive possession. Harvey v. State, 390 So.2d 484 (Fla. 4th DCA 1980). The state also failed to show Daphne was anything more than a mere visitor to the house or that she could exercise dominion or control over the drugs. Both of these are necessary in order to prove possession. See Green. We conclude, based upon the case in chief, that Daphne's conviction should be reversed.
A review of the evidence from the case in chief as to Epta similarly shows, at best, two of the three required elements of constructive possession. As the court in Brown, supra, stated:
"Constructive possession exists where the accused without physical possession of the controlled substance knows of its presence on or about his premises and has the ability to maintain control over said controlled substance." Hively v. State, 336 So.2d 127, 129 (Fla. 4th DCA 1976). To establish constructive possession, the state must show that the accused had dominion and control over the contraband, knew the contraband was within his presence, and knew of the illicit nature of the contraband. Wale v. State, 397 So.2d 738 (Fla. 4th DCA 1981). If the premises where contraband is found is in joint, rather than exclusive, possession of a defendant, however, knowledge of the contraband's presence and the ability to control it will not be inferred from the ownership but must be established by independent proof. Wale; Frank v. State, 199 So.2d 117 (Fla. 1st DCA 1967).
428 So.2d at 252. What the evidence shows is that the police found Epta, clothes hanger in hand, exiting the bedroom closet (of the owner of the house), wherein contraband was found in plain view. As with Daphne, there is no evidence that Epta had the ability to exercise dominion and control over the cocaine. Wale, supra; Green, supra.
Accordingly, we reverse and remand with directions that judgments of acquittal be entered for both appellants.
ANSTEAD and GLICKSTEIN, JJ., and GODERICH, MARIO P., Associate Judge, concur.