529 So.2d 1234 (1988)
Henry WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 87-836.
District Court of Appeal of Florida, First District.
August 10, 1988.
Rehearing Denied September 19, 1988.
Robert M. Harris, of Harris, Guidi & Rosner, Jacksonville, for appellant.
Robert A. Butterworth, Atty. Gen., William A. Hatch, Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
Appellant seeks review of judgments of conviction and sentences for possession of cannabis and cocaine. We find that there was adequate evidence as to appellant's possession of cocaine, but the evidence was insufficient to establish appellant's possession of cannabis.
Appellant occupied an upstairs apartment with an entrance at the bottom of a stairway. A warrant was obtained to search the apartment and the officer executing the warrant announced his presence at the downstairs entrance. Appellant did not immediately respond, and the officer heard noises inside the apartment. Appellant then appeared at the door and accompanied the officer up the stairway into the living area of the apartment. Weighing scales and three plastic baggies containing a white powdered residue were found beside the kitchen sink. The scales and a sifter in the sink were both wet, and a small amount of residue was found in the holes of the sifter. Water was removed from the drain *1235 pipe below the sink and saved for analysis. Three more baggies with residue were found in appellant's bedroom. The other bedroom in the apartment was decorated as a den and was occupied by another individual at the time of the search. A box containing cannabis was found under a couch in this room.
Since appellant was not the sole occupant of the apartment the state's proof of possession must show appellant's knowledge of and ability to control the contraband. See Brown v. State, 428 So.2d 250 (Fla. 1983), cert. denied 463 U.S. 1209, 103 S.Ct. 3541, 77 L.Ed.2d 1391 (1983); Spataro v. State, 179 So.2d 873 (Fla. 2d DCA 1965). Such proof may be based upon exclusive access to the area where the contraband is found, or other incriminating circumstances. See Wale v. State, 397 So.2d 738 (Fla. 4th DCA 1981); Frank v. State, 199 So.2d 117 (Fla. 1st DCA 1967); Spataro, supra. Laboratory analysis revealed that the water from appellant's kitchen drain contained cocaine. The residue from one of the plastic baggies was also analyzed and established as cocaine. Items associated with this contraband were found in appellant's bedroom and in open view in the kitchen under conditions suggesting an attempt to destroy the evidence. These circumstances are sufficient to permit a conclusion that appellant had knowledge of and ability to control the cocaine.
However, the cannabis was not discovered in open view or in a location to which it was proved that appellant had exclusive access. Rather, this contraband was concealed within a container underneath a couch in a room being occupied by another individual. The circumstances do not show appellant's knowledge of or ability to control the cannabis, and thus do not establish possession of this contraband. See Thompson v. State, 375 So.2d 633 (Fla. 4th DCA 1979); see also, Harvey v. State, 390 So.2d 484 (Fla. 4th DCA 1980).
We affirm the judgment of conviction and sentence for possession of cocaine. We reverse the judgment of conviction, and vacate the sentence, for possession of cannabis.
ERVIN and BOOTH, JJ., concur.