STONE, Judge.
We reverse an order dismissing charges, entered on the basis of defendant’s sworn motion made pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), and the state’s demurrer.
The facts are sketchy but undisputed. In the course of executing a search warrant in a boarding house, officers found cocaine and paraphernalia (a Coca-Cola can fashioned into a pipe used for “freebasing” cocaine). This contraband was found in the closet in a room rented and occupied solely by the defendant. The defendant’s affidavit stated that there were three other occupants of the house, each of whom rents a separate bedroom, but that each “has access” to the others’ rooms. The affidavit also stated that “[a]t no time did the [defendant have physical possession of the [C]oca-[C]ola can.”
These statements are insufficient to negate constructive possession. Cf. Brown v. State, 428 So.2d 250 (Fla.), cert. denied, 463 U.S. 1209, 103 S.Ct. 3541, 77 L.Ed.2d 1391 (1983); Williams v. State, 529 So.2d 1234 (Fla. 1st DCA 1988), rev. denied, 542 So.2d 991 (Fla.1989). We find inapposite those circumstances in which a person charged with constructive possession is not the occupant. See Brooks v. State, 501 So.2d 176 (Fla. 4th DCA 1987). Here the contraband was in the defendant’s closet in his own room. Under such circumstances, *705 knowledge may be inferred. E.g., Williams v. State.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
LETTS and WALDEN, JJ., concur.