KLEIN, J.
Appellant was convicted of possession with intent to sell cocaine. We reverse because the state failed to prove that he possessed the cocaine, which was found in a bedroom in which he was present.
After obtaining a warrant, the police entered the bedroom of an apartment of appellant’s grandmother. The officers, *915 when they entered the bedroom, observed the appellant lying on a bed. Appellant’s cousin was standing next to a dresser. They found crack cocaine on top of the dresser and in a dresser drawer.
Appellant’s cousin pled guilty to possessing the cocaine with intent to sell. At appellant’s trial, the cousin testified that only he lived in the bedroom, and that he had placed the drugs on the dresser and in the drawer while appellant was sleeping in one of the two beds in the bedroom. He further testified that that appellant was asleep when the police entered the bedroom and that appellant was not aware of the drugs.
The grandmother testified that the cousin lived in the bedroom, but that the appellant did not, although he was a frequent visitor. She saw him asleep in the bedroom when the police entered. There was no evidence that the appellant lived in the bedroom, had control of it, or was aware of the presence of illegal drugs.
Appellant correctly argues that the state, in order to prove constructive possession under these facts, had to demonstrate that he had control or dominion over the room, citing Brown v. State, 428 So.2d 250 (Fla.1983). Although Brown is distinguishable on its facts, Brown cited with approval Taylor v. State, 319 So.2d 114 (Fla. 2d DCA 1975), in which it was held that a defendant who did not have control or joint control of the premises, but was only a visitor, could not be convicted of possession, unless there was evidence of control over the drugs. Similarly, in Brooks v. State, 501 So.2d 176 (Fla. 4th DCA 1987), wfe held that a visitor in a bedroom occupied by another could not be guilty of possession of drugs unless there was evidence that the visitor had dominion and control over the drugs.
The state does not disagree with these cases, but contends that the jury could have found from the evidence that the appellant was more than a visitor, emphasizing that it was his grandmother’s apartment, that he was there almost every day, and he was sleeping in one of the beds. We disagree that this evidence was sufficient and accordingly reverse the conviction.
WARNER and TAYLOR, JJ., concur.