397 So.2d 738 (1981)
Leonard WALE, Appellant,
v.
STATE of Florida, Appellee.
No. 79-1615.
District Court of Appeal of Florida, Fourth District.
April 29, 1981.
*739 Peter D. Lent, Fort Lauderdale, for appellant.
Jim Smith, Atty. Gen., Tallahassee and John D. Cecilian, Asst. Atty. Gen., West Palm Beach, for appellee.
MOORE, Judge.
Appellant was charged by information with possession of more than five grams of marijuana and with possession of hashish. He filed a sworn motion to dismiss reciting, in part, that he lived with his wife and children at their residence in Fort Lauderdale; that he was not in exclusive possession of the residence; that the residence was searched on December 9, 1978; that the search revealed a quantity of marijuana in the master bedroom and a quantity of hashish in the Florida room; and that he was not in actual possession of any controlled substance at the time of his arrest in the residence. After filing a traverse to the motion, the State was granted leave to amend, which it did. The amended traverse alleged, inter alia:
The State is prepared to prove that the Defendant was in constructive possession of the controlled substance in that the Defendant's name and address were on the box which contained the marijuana and that the marijuana was located in the closet of the Defendant's bedroom.
The trial court denied the sworn motion to dismiss, whereupon the defendant pled nolo contendere to the charge of possession of marijuana, specifically reserving his right to appeal the denial of his motion. The charge of possession of hashish was nolle prossed. The appellant appeals a judgment of conviction for possession of marijuana in excess of five grams. We affirm.
At issue in this case is whether, assuming the veracity of all of the facts contained in the appellant's sworn motion to dismiss and the State's traverse, the State has alleged a prima facie case of the appellant's guilt. Rule 3.190(c)(4), Fla.R.Crim.P. In answering this question, we must accept the facts and every reasonable inference derived from them in a light most favorable to the State. The main feature involved in the resolution of this controversy is the confused area of the law relating to "constructive" possession.
The general rule in regard to "constructive" possession can be stated in relatively simple terms. Proof of guilt based on a constructive possession theory consists of three basic elements:
(1) The accused must have dominion and control over the contraband;
(2) The accused must have knowledge that the contraband is within his presence, and;
(3) The accused must have knowledge of the illicit nature of the contraband.
Hively v. State, 336 So.2d 127 (Fla. 4th DCA 1976); Willis v. State, 320 So.2d 823 (Fla. 4th DCA 1975).
Of course, each of these elements may be proved by circumstantial evidence. If the premises, area, structure, vehicle, etc. in which a contraband substance is found is within the exclusive possession of the accused, the accused's guilty knowledge of the presence of the contraband, together with his ability to maintain control over it, may *740 be inferred. If the place in which the contraband is found is not in the exclusive possession of the accused, but only in his joint possession, his knowledge of the presence of the contraband on the premises and his ability to maintain control over it will not be inferred, but must be established by extra proof. Such proof may consist either of evidence establishing that the accused had actual knowledge of the presence of the contraband in the place where it is found, or circumstantial evidence from which a jury might properly infer that the accused had knowledge of the presence of the contraband. Hively, supra; Willis, supra; Smith v. State, 279 So.2d 27 (Fla. 1973); Frank v. State, 199 So.2d 117 (Fla. 1st DCA 1967). These principles are recognized in virtually every jurisdiction that has broached the topic. See, e.g. Petty v. People, 167 Colo. 240, 447 P.2d 217 (1968) (where marijuana was in the defendant's non-exclusive residence in a box which was located near the defendant's stereo equipment and in which defendant's Navy discharge papers were located, the Court found sufficient evidence to sustain the defendant's conviction); People v. Mateo, 171 Cal. App.2d 850, 341 P.2d 768 (1959) (where the defendant admitted ownership of a box and a suitcase in which marijuana was found, the Court found sufficient evidence to sustain the conviction); State v. Zimpher, 552 S.W.2d 345 (Mo. App. 1977) (where marijuana was found in a chest of drawers and a nightstand to which the defendant had access in a residence to which the defendant did not have exclusive access, such facts constituted "further evidence" to buttress an inference of the defendant's guilty knowledge of the presence of the marijuana); King v. State, 169 Tex.Cr.R. 34, 335 S.W.2d 378 (1960) (where marijuana was found in a suitcase which also contained women's clothes and cosmetics as well as letters addressed to the female defendant, and where the defendant fled as soon as she learned of the identity of the police officers, such facts constituted a sufficient showing that she possessed the marijuana so as to sustain her conviction; the Court found it immaterial whether she possessed the marijuana alone or jointly with her husband). The Florida courts have also recognized these principles. Thames v. State, 366 So.2d 1261 (Fla. 1st DCA 1979), cert. denied 378 So.2d 350 (Fla. 1979); Winchell v. State, 362 So.2d 992 (Fla. 3rd DCA 1978); Norman v. State, 362 So.2d 444 (Fla. 1st DCA 1978); Norris v. State, 351 So.2d 729 (Fla. 3rd DCA 1977); Dixon v. State, 343 So.2d 1345 (Fla. 2nd DCA 1977); Zicca v. State, 232 So.2d 414 (Fla. 3rd DCA 1970).
In the present case, we find sufficient "other" circumstances conjoined with the appellant's non-exclusive possession of the premises, which, if proved at trial, would create a jury question as to the appellant's possession of marijuana. It is certainly a reasonable inference that appellant had dominion and control over the box bearing his name. Therefore, the only remaining question is whether the appellant had scienter, or "guilty knowledge" of the presence of the contraband.
Guilty knowledge can be presumed from the facts and evidence, and once it is shown that the contraband is found in the defendant's home, in his own closet, in a box bearing his name and address, a jury question is created as to whether he had knowledge of the contraband's presence. Where the undisputed facts are such as these, the underlying controversy should not be resolved by a "battle of affidavits." The evidence here, while not sufficient to demonstrate that appellant had exclusive possession of either the residence or the closet in which the contraband was found, was certainly sufficient to show the appellant's dominion and control over the box bearing his name and its contents. The evidence also amply demonstrated appellant's knowledge that the box contained an illicit controlled substance. See, Thames v. State, supra.
We have considered this Court's decision in Thompson v. State, 375 So.2d 633 (Fla. 4th DCA 1979) and the opinion of the Third District in Clark v. State, 359 So.2d 458 (Fla. 3rd DCA 1978). Each is distinguishable. In each case, the State relied solely on occupancy as proof of constructive possession. That is not the case before us.
*741 We are of the view that the fact and circumstances of the present controversy, if supported by competent evidence at an eventual trial, would have sufficed to create a jury question as to appellant's constructive possession of contraband. The trial court's order denying appellant's motion to dismiss and the judgment of conviction are accordingly affirmed.
ANSTEAD and GLICKSTEIN, JJ., concur.