428 So.2d 250 (1983)
James Frederick BROWN, Petitioner,
v.
STATE of Florida, Respondent.
No. 62081.
Supreme Court of Florida.
March 3, 1983.
*251 Jane Kreusler-Walsh, and Larry Klein, West Palm Beach, for petitioner.
Jim Smith, Atty. Gen. and Robert L. Bogen, Asst. Atty. Gen., West Palm Beach, for respondent.
McDONALD, Justice.
In Brown v. State, 412 So.2d 420 (Fla. 4th DCA 1982), the district court certified the following questions to this Court:
1. DOES OWNERSHIP AND JOINT OCCUPANCY OF A PREMISES WHERE ILLEGAL DRUGS ARE DISCOVERED IN PLAIN VIEW, IN THE PRESENCE OF THE OWNER, CONSTITUTE SUFFICIENT EVIDENCE TO SUPPORT A CONVICTION FOR CONSTRUCTIVE POSSESSION AS TO THE OWNER OR AS TO A LESSEE UNDER THE SAME CIRCUMSTANCES?
2. WHERE TWO OR MORE PERSONS JOINTLY OCCUPY PREMISES AND ILLEGAL DRUGS ARE DISCOVERED IN PLAIN VIEW, IN THEIR PRESENCE, IS SUCH PROOF, WITHOUT MORE, SUFFICIENT TO SUPPORT A CONVICTION FOR CONSTRUCTIVE POSSESSION AS TO EACH PERSON?
Id. at 422. We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution. We answer the questions in the affirmative and approve the opinion of the district court.
Law enforcement officers searched Brown's house, in his presence, pursuant to a search warrant and found several pounds of marijuana and lesser quantities of hashish and PCP. The district court has detailed the locations of the contraband  in the living room, the kitchen, the family room, the garage, and one bedroom[1]  which was literally scattered throughout the house and much of which was in plain view. A jury convicted Brown of constructive possession of marijuana. On appeal he questioned whether the facts presented created a prima facie case of constructive possession. The district court found the facts presented at trial sufficient to create a jury question as to Brown's constructive possession of the marijuana, but certified the *252 instant questions because of confusion in the applicable case law.[2]
"Constructive possession exists where the accused without physical possession of the controlled substance knows of its presence on or about his premises and has the ability to maintain control over said controlled substance." Hively v. State, 336 So.2d 127, 129 (Fla. 4th DCA 1976). To establish constructive possession, the state must show that the accused had dominion and control over the contraband, knew the contraband was within his presence, and knew of the illicit nature of the contraband. Wale v. State, 397 So.2d 738 (Fla. 4th DCA 1981). If the premises where contraband is found is in joint, rather than exclusive, possession of a defendant, however, knowledge of the contraband's presence and the ability to control it will not be inferred from the ownership but must be established by independent proof. Wale; Frank v. State, 199 So.2d 117 (Fla. 1st DCA 1967).
Brown claims that he could be convicted of constructive possession on the instant facts only if the jury impermissibly piled inference upon inference. We do not find, however, that the jury would have to have drawn an impermissible inference. In the instant case the knowledge element is met because the contraband was in plain view in common areas throughout the house. The dominion and control element is met because Brown, as resident owner of his home, had control over the common areas. Therefore, the elements of knowledge and control have been satisfied,[3] and, as the district court found, the facts presented at trial were sufficient to create a jury question as to constructive possession. Given the evidence presented, the jury could easily have rejected every reasonable hypothesis of innocence. We answer the first question in the affirmative.
The second question, except for the element of ownership, is virtually identical to the first question, i.e., discovery of illegal drugs in plain view in the presence of the residents. We likewise answer the second question in the affirmative. This answer is consistent with prior cases such as Smith v. State, 279 So.2d 27 (Fla. 1973) (contraband in jointly occupied dresser drawer, not in plain view, knowledge not shown), and Taylor v. State, 319 So.2d 114 (Fla. 2d DCA 1975) (contraband found in plain view, but defendant, a guest, had no control over the premises).
We hold, therefore, that joint occupancy, with or without ownership of the premises, where contraband is discovered in plain view in the presence of the owner or occupant is sufficient to support a conviction for constructive possession. The decision of the district court is approved.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON, EHRLICH and SHAW, JJ., concur.
NOTES
[1] 412 So.2d at 422.
[2] Judge Rivkind in dissent has noted numerous constructive possession cases. 412 So.2d at 424-25 n. 1 & n. 2.
[3] There is no indication that Brown has ever argued that he did not know of the illicit nature of the seized drugs.