457 So.2d 1133 (1984)
Leon CHAPPELL, Appellant,
v.
STATE of Florida, Appellee.
No. AY-133.
District Court of Appeal of Florida, First District.
October 16, 1984.
Michael E. Allen, Public Defender; A. Terry Carley, Asst. Public Defender, Tallahassee, for appellant.
*1134 Jim Smith, Atty. Gen.; Gregory G. Costas, Asst. Atty. Gen., Tallahassee, for appellee.
MILLS, Judge.
Chappell appeals his convictions and sentences for possession of cocaine and less than 20 grams of cannabis. He contends the State failed to present legally sufficient evidence of constructive possession. We agree and reverse.
Based on the affidavit of a police officer that the officer had participated in a purchase of marijuana by a confidential informant at Chappell's apartment, the authorities obtained a search warrant for the apartment. On 10 November 1983, police on the way to execute the search warrant saw Chappell leaving the apartment. The police informed Chappell of the search warrant and their intent to search the apartment. He unlocked the apartment door and followed the officers inside. There is no indication Chappell made any statements to the officers.
Hidden under a chair in the living room, the officers found a turntable dust cover. Inside the dust cover were several small manila envelopes, two of which contained marijuana. There was also a small amount of loose marijuana in the dust cover. On the dining room table lay two more small manila envelopes. One contained cocaine capsules, the other marijuana. More manila envelopes containing marijuana were found in two kitchen drawers.
The State's case at trial consisted of the testimony of the officer who prepared the search warrant, the two officers who executed the warrant, the assistant manager of the apartment complex where Chappell lived, the evidence custodian, and an FDLE chemist. Following the State's case, defense counsel moved for a judgment of acquittal on the ground that the State had failed to establish that Chappell was in either actual or constructive possession of drugs. The motion was denied. The defense rested after presenting no evidence and renewed the motion for judgment of acquittal. Again, it was denied. The jury found Chappell guilty of both counts as charged. He was put on five years probation and sentenced to 270 days in jail.
It was undisputed that Chappell was not in actual possession of the drugs. Chappell lived in the apartment with his wife and two young children. When the search warrant was executed, no one but Chappell was in the apartment.
A legally sufficient case of constructive possession requires that the State show the defendant has: (1) dominion and control over the contraband; (2) knowledge that the contraband is present; and (3) knowledge of the illicit nature of the contraband. Brown v. State, 428 So.2d 250 (Fla. 1983); Wale v. State, 397 So.2d 738 (Fla. 4th DCA 1981). Where premises are jointly occupied, evidence of mere occupancy is not enough to prove elements (1) and (2). Frank v. State, 199 So.2d 117 (Fla. 1st DCA 1967).
In Brown, at 252, the Florida Supreme Court held "joint occupancy, with or without ownership of the premises, where contraband is discovered in plain view in the presence of the owner or occupant is sufficient to support a conviction for constructive possession."
The State argues that the testimony of the officer who executed the warrant  testimony that the manila envelopes on the dining room table were not concealed  was sufficient evidence from which the jury could infer Chappell knew the contraband was present.
Chappell argues the drugs were not in plain view because they were not visible through the envelopes; therefore, there was no evidence he knew the contraband was present. Chappell's dominion and control over the contraband and his knowledge of its illicit nature are not in dispute.
Although the manila envelopes on the dining room table were not concealed, their contents were. There was no evidence that the incriminating nature of the packaged contraband was immediately apparent, one of the requirements of "plain *1135 view" as that term is used in search and seizure analysis. See, Neary v. State, 384 So.2d 881 (Fla. 1980); State v. Hall, 376 So.2d 276 (Fla. 3d DCA 1979); Carr v. State, 353 So.2d 958 (Fla. 2d DCA 1978). Nor was there any evidence that Chappell's apartment was in a neighborhood of known narcotics transactions where manila envelopes were used as a principal means to convey narcotics. See, P.L.R. v. State, 455 So.2d 363 (Fla. 1984).
We hold, therefore, that Brown does not apply because the contraband in this case was not in plain view. Given that there was no evidence Chappell knew the drugs were present, the trial court erred in denying the motions for judgment of acquittal.
The convictions and sentences are REVERSED.
ERVIN, C.J., and ZEHMER, J., concur.