ANSTEAD, Judge.
This is the appeal of a final judgment of conviction and sentence following a jury verdict of guilty on charges of trafficking in more than 400 grams of cocaine. The appellant challenges the sufficiency of the evidence. We affirm.
On February 20, 1986, Deputy Sheriff Jim Stewart of the Indian River County Sheriff’s Department, working undercover for the narcotics department, drove to Charles Brown’s house with a confidential informant (Cl). The Cl exited Stewart’s car and went to Brown’s front door. From his car Stewart was able to see Brown answer the door. The Cl was inside for 3-5 minutes after which he returned to the car holding four cocaine rocks wrapped in tin foil. The Cl gave the drugs to Stewart and told him that he had bought them from Brown. On February 21 Stewart returned to Brown’s house with the Cl and the same drug purchase procedure was repeated except that the Cl unsuccessfully attempted to get Stewart into the house to personally purchase narcotics. After being denied *1046 Brown’s permission to allow Stewart into the house, the CI went inside with $125 in investigative funds to purchase cocaine. The CI again returned from the house with cocaine rocks wrapped in a piece of a plastic bag.
Detective Phillip Williams testified that before sending the CI into Brown’s house, the police searched the CI to make sure that he had no cocaine on his person. Detective Williams testified that he was unable to see the activity inside the house or determine if others were present in the house on February 20th and 21st during the controlled buys.
On February 24th, after obtaining a no-knock search warrant based upon the two controlled purchases, Officers Jacobs, Reic-hert and State Attorney Dan Vaughn went to Brown’s house. Jacobs knocked on the door and after waiting a few seconds broke a window to gain entry. As Jacobs attempted entry through the window, Brown opened the front door. Deputy Jacobs immediately ran to the master bedroom of the house and found Daniel Pressley, Brown’s boarder, emerging from the house’s only bathroom which is within and accessible only through the master bedroom. Also in the house was Brown’s thirteen year old son, Charles Brown, Jr. Brown explained during the subsequent search of the house that he shared his bedroom with his son. Pressley stated that he rented a room from Brown at the other end of the house. In Pressley’s bedroom, the officers found small cocaine rocks, tin foil and marijuana. He was arrested for possession of cocaine and taken to jail.
In the room shared by Brown and his son, the police found cocaine rocks weighing 11.8 grams and 196 grams plus cocaine residue in a triple dresser and on a small night stand. Brown bottles containing Manitol, a cutting agent for cocaine were found on the television table in that room. In the clothes hamper of the bathroom concealed under some dirty clothes was a bag containing cocaine rock weighing 481 grams. Latent fingerprints found on the bag did not match Brown’s prints and were not further identified. In the nightstand drawer were found three tin foil packets, two corners of plastic bags with white residue, six pieces of tin foil and a Florida Power and Light bill in Brown’s name. Brown’s wallet containing identification and $215 was on the night stand and on top of the wallet was $400 in $50 bills. On the floor by the bed was a triple beam scale with white residue on it. In the clothes basket in the closet of the master bedroom was found $6290 in cash. Brown was charged in a three-count information with trafficking in cocaine over 400 grams (Count I) and two counts of sale or delivery of cocaine (Counts II and III) relating to the controlled purchases by the CI. Brown’s motion to sever Count I was granted and this appeal is limited to the sufficiency of the evidence to sustain his conviction on Count I.
Brown points out that the cocaine which was found in his bedroom did not total 400 grams, making it necessary for the state to prove that he was in possession of the cocaine in the bathroom in order to prove possession of more than 400 grams. The bag of cocaine was found concealed under clothes in the hamper of the house’s only bathroom which was jointly used by all three of its residents. In fact, Pressley was found leaving the bathroom when the police arrived. The fingerprints found on the package were not those of Brown. The state offered no direct proof that Brown had knowledge of the cocaine in the hamper. Based on those facts, Brown contends that he could not be found guilty of possessing the drugs in the bathroom.
We believe the supreme court’s decision in Brown v. State, 428 So.2d 250 (Fla.1983) mandates an affirmance here. The issue in Brown was whether the State had presented a prima facie case of constructive possession against a defendant who shared a house with two other individuals when drugs and paraphernalia were found scattered in various locations throughout the house and garage, some hidden and some open. In responding to questions as to the sufficiency of evidence certified by this court in Brown, the supreme court restated the elements of constructive possession:
*1047 “Constructive possession exists where the accused without physical possession of the controlled substance knows of its presence on or about his premises and has the ability to maintain control over said controlled substance.” Hively v. State, 336 So.2d 127, 129 (Fla. 4th DCA 1976). To establish constructive possession, the state must show that the accused had dominion and control over the contraband, knew the contraband was within his presence, and knew the illicit nature of the contraband. Wale v. State, 397 So.2d 738 (Fla. 4th DCA 1981). If the premises where contraband is found is in joint, rather than exclusive possession of a defendant, however, knowledge of the contraband’s presence and the ability to control it will not be inferred from the ownership but must be established by independent proof. Wale; Frank v. State, 199 So.2d 117 (Fla. 1st DCA 1967).
428 So.2d at 252. In Brown, the supreme court held that the knowledge element was met because the contraband was found both in plain view and hidden in common areas throughout the house, and the dominion and control element was met because Brown, as the resident owner of the house, had control over the common areas. The supreme court held that these facts were sufficient to create a jury question as to constructive possession.
In the instant case, the defendant does not deny ownership of the drugs found in his bedroom. Rather, he challenges the sufficiency of the evidence of his possession of the cocaine concealed in the hamper which was located in the bathroom jointly used by his thirteen year old son and his adult male tenant, Pressley. Similar to the circumstances posed in the previous Brown decision, drugs were found throughout appellant’s house, some in plain view. In our view, the jury was entitled, based upon the substantial evidence of Brown’s prior dealings in drugs and direct possession of other drugs in the house, to infer that Brown possessed the drugs in the hamper. While there was evidence that Brown’s housemate Pressley may have also had access to the hamper for purposes of concealing the bag of drugs, we do not believe that possibility prevented the jury from inferring from the other evidence presented that Brown had joint or sole possession of those drugs.
Accordingly, we affirm Brown’s conviction and sentence.
GUNTHER, J., and OWEN, WILLIAM C., Jr., (Retired), Associate Judge, concur.