520 So.2d 78 (1988)
Miguel DeJesus TORRES, Appellant,
v.
The STATE of Florida, Appellee.
No. 87-885.
District Court of Appeal of Florida, Third District.
February 9, 1988.
Rehearing Denied March 14, 1988.
William H. Thomas, Bierman, Shohat & Loewy and Ira N. Loewy, Miami, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard L. Polin, Asst. Atty. Gen., for appellee.
Before HENDRY, BASKIN and FERGUSON, JJ.
*79 HENDRY, Judge.
Miguel Torres appeals from a conviction and sentence for trafficking in marijuana. Appellant seeks review of three allegedly reversible errors committed by the trial judge: improper and incorrect comments on the evidence during defense counsel's closing argument; denial of defense counsel's motion for a mistrial based upon the prosecutor's improper and prejudicial cross-examination of the defendant; and denial of defendant's motion for judgment of acquittal where the evidence was insufficient to establish that the defendant had constructive knowledge of the contraband. We reverse.
Approximately three to five miles west of Bimini, two Formula racing boats were spotted on December 1, 1984 by a Metro-Dade police helicopter, as they traveled toward the Florida mainland. After entering state waters, the two boats were intercepted by marine patrol officers and taken to Haulover Marina. One boat was released but the second (driven by the appellant Torres) was detained after an officer detected the smell of fresh fiberglass near the head (bathroom).
Officers unbolted the toilet and pulled up the carpeting, revealing fresh, tacky fiberglass. After breaking through a small hatch, they observed several bales of marijuana in the compartment below. A resulting probe of the rear hull area caused other officers to smash through the two-inch hardened fiberglass deck with sledge hammers. Bales of very dry marijuana estimated to be from five months to a year old were found.
When questioned by police officers, Torres claimed to have no knowledge of the illegal cargo. He stated that the boat was owned by a passenger's mother and that he was on board for the first time in celebration of his birthday. As Torres was being questioned, another officer spoke to one of the passengers who said the boat belonged to her mother and that Torres had been taken out for a birthday ride.
At trial, an expert in narcotics investigation (Officer John Rode) testified as to the procedures used in searching for contraband. As one who directed the search of the boat, the officer described the hatch discovered under the carpeting in the head as very small. He stated that the bales found in the hull could not have entered through the hatch and been pushed through to the rear of the boat because of the hatch size and an intervening latticework of supports. Officer Rode estimated the recovered marijuana to have been from five months to a year old and noted that the boat had changed ownership approximately five months earlier. In his stated opinion, there was no way the marijuana on this boat could have been retrieved without destroying or removing the deck of the boat.
Defense motions for a judgment of acquittal made at the end of the state's case and again at the conclusion of all the evidence were denied. Implicit in the jury's guilty verdict was a finding that Torres had constructive knowledge of the contraband. We disagree with that finding.
When approached by marine patrol officers, Torres was riding with three other persons on a boat which was later found to have old bales of marijuana secreted deep within its hull. Evidence admitted at trial supported Torres' testimony that he had been invited out on the boat by the owner's daughter and that he lacked any knowledge of the presence of marijuana. In order to prove Torres' guilt, the state had to establish, beyond a reasonable doubt, that he had knowingly brought into the state and/or was in actual or constructive possession of the marijuana.
Under Florida law, "actual possession exists where the accused has physical possession of the controlled substance and knowledge of such physical possession." Hively v. State, 336 So.2d 127, 129 (Fla. 4th DCA 1976). "Constructive possession exists where the accused without physical possession of the controlled substance knows of its presence on or about his premises and has the ability to maintain control over said controlled substance." Brown v. State, 428 So.2d 250, 252 (Fla.) (quoting Hively, 336 So.2d at 129), cert. denied, 463 U.S. 1209, 103 S.Ct. 3541, 77 L.Ed.2d 1391 *80 (1983). To establish constructive possession, the state must show that the accused had dominion and control over the contraband, knew of the presence of the contraband, and was aware of the illicit nature of the contraband. Kuhn v. State, 439 So.2d 291 (Fla. 3d DCA 1983); Brown, 428 So.2d at 252. However, if the contraband is found on premises which are under joint rather than exclusive possession of a defendant, "knowledge of the contraband's presence and the ability to control it will not be inferred, but must be established by independent proof." Winchell v. State, 362 So.2d 992 (Fla. 3d DCA 1978), cert. denied, 370 So.2d 462 (Fla. 1979); Brown, 428 So.2d at 252. Mere proximity to contraband, without more, is legally insufficient to prove possession. Bass v. United States, 326 F.2d 884 (8th Cir.), cert. denied, 377 U.S. 905, 84 S.Ct. 1164, 12 L.Ed.2d 176 (1964); Johnson v. State, 456 So.2d 923 (Fla. 3d DCA 1984).
Even where the contraband is found in plain view, unless there is evidence that the defendant had dominion and control over the contraband, the evidence is legally insufficient to prove constructive possession. Johnson, 456 So.2d at 924. It follows that where the contraband is not in plain view, joint occupancy alone is clearly insufficient. Chappell v. State, 457 So.2d 1133 (Fla. 1st DCA 1984); Metzger v. State, 395 So.2d 1259 (Fla. 3d DCA 1981).
Under Florida law, where there is no direct evidence of guilt and the state seeks a conviction based wholly upon circumstantial evidence, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence. Jaramillo v. State, 417 So.2d 257 (Fla. 1982); McArthur v. State, 351 So.2d 972 (Fla. 1977). The basic proposition of our law is that one accused of a crime is presumed innocent until proved guilty beyond and to the exclusion of a reasonable doubt, and it is the responsibility of the state to carry this burden. Davis v. State, 90 So.2d 629 (Fla. 1956). It would be impermissible to allow the state to meet its burden through a succession of inferences that required a pyramiding of assumptions in order to arrive at the conclusion necessary for a conviction. Gustine v. State, 86 Fla. 24, 97 So. 207 (1923); Weeks v. State, 492 So.2d 719 (Fla. 1st DCA 1986), review dismissed, 503 So.2d 328 (Fla. 1987); Chaudoin v. State, 362 So.2d 398 (Fla. 2d DCA 1978).
When intercepted, the boat was found to have four persons on board (including Torres who had been invited aboard in celebration of his birthday); no marijuana was found in the cabin or on the deck of the boat; the odor of marijuana was not detectable from the cabin or deck; the contraband, secreted deep within the hull, was reached only after officers destroyed the boat's decking; when retrieved, the marijuana was determined to be from five months to a year old; and the boat had been purchased five months earlier. Given that the evidence presented is not sufficient to present a jury issue on the question of the defendant's knowledge of the presence of the marijuana in the boat, we are of the opinion that the trial court erred in denying the defense motions for judgment of acquittal.
Accordingly, the judgment is reversed, the sentence is vacated and set aside, and the cause remanded with instructions to discharge the defendant. Because we have afforded complete relief we need not reach the other issues on appeal.
Reversed and remanded, with instructions.