DOWNEY, Judge.
Appellant seeks reversal of a final order of adjudication of delinquency and commitment to the Department of Health and Rehabilitative Services for the offense of possession of cocaine.
While operating an automobile owned by his stepfather, appellant was stopped by a police officer who noticed that the license tag was improperly attached as it was hanging loose and swinging from side to side. As Officer Shaw exited his vehicle and approached the car, he observed a clear ziploc baggie “come flying out” of the passenger window. Appellant was the driver and the other occupant of the car was the front passenger. At that time, appellant and his codefendant immediately exited their car and walked back towards the officer on the driver’s side. Officer Shaw testified that he had made “a couple of thousand” traffic stops and that usually the only time the occupants of the car get out and walk over to him is “if they’ve got something to hide inside their vehicle.” Officer Shaw called for a backup unit and, once the unit arrived, retrieved the baggie which contained eleven cocaine rocks. Officer Shaw testified that he was sure that the baggie was thrown from this vehicle although he was unsure as to which person threw the baggie out of the window. In the car, Shaw found a shoebox in the middle of the front seat which contained $830 in small bills. Appellant had about $107 in his possession while his codefendant had $127 as well as marijuana in his possession. On cross-examination, Officer Shaw reiterated that he could not tell which of the two occupants of the car threw the baggie out of the car window. Officer Shaw stated that appellant told him twice that the cocaine was not his and that there was no contraband found on appellant’s person.
The trial court denied appellant’s motion to suppress evidence and the cause proceeded to final adjudicatory hearing. Appellant testified that he had borrowed the car from his stepfather; that the shoebox was in the car when he borrowed it but he never looked inside the box. He stated that he had known the codefendant for a while but did not know if he used drugs nor had he seen him throw the baggie out of the car window.
The trial court denied appellant’s motion for judgment of acquittal and found appellant guilty of possession of cocaine.
Since the arresting officer could not prove actual possession of contraband, the state relied upon constructive possession the elements of which are too well known to require repetition here. Brown v. State, 428 So.2d 250 (Fla.1983). However, while there are surely some suspicious circumstances existent here there is not a shred of evidence of any of the required elements to prove appellant had constructive possession of contraband.
Accordingly, we reverse the order appealed from and remand the cause with instructions to discharge appellant.
WALDEN, J., and WESSEL, JOHN D., Associate Judge, concur.