PER CURIAM.
G.T.L. (defendant) appeals his adjudication of delinquency and sentence of community control which were entered by the trial court after he was found guilty of possession of cannabis.[1] Defendant argues that the trial court erred in denying his motion for judgment of acquittal. We disagree and therefore affirm.
In his motion for judgment of acquittal, defendant argued that the state failed to prove that he had constructive possession of a bag containing cannabis which was discovered under his bookbag as he and two other boys sat near one another on school property. At the delinquency hearing, defendant testified that the cannabis was not his and that he did not know why it was located under his bookbag. The trial court determined that defendant’s testimony was not credible and the state had presented sufficient testimony to prove defendant’s constructive possession of the cannabis. The instant record supports the trial court’s ruling that the state established that defendant knew the cannabis was within his presence, knew the illicit nature of the cannabis, and that he had sole or shared dominion over it. See Brown v. State, 428 So.2d 250, 252 (Fla.), cert. denied, 463 U.S. 1209, 103 S.Ct. 3541, 77 L.Ed.2d 1391 (1983). See also S.W. v. State, 431 So.2d 342 (Fla. 2d DCA 1983). Accordingly, we affirm.
JUDGMENT and SENTENCE AFFIRMED.
DAUKSCH, W. SHARP and ANTOON, JJ., concur.

. § 893.13(6)(b), Fla. Slat. (1995).