742 So.2d 333 (1999)
Sabastian JACOBS, Appellant,
v.
The STATE of Florida, Appellee.
No. 98-1965.
District Court of Appeal of Florida, Third District.
July 28, 1999.
*334 Cain & Snihur and May L. Cain, Miami, for appellant.
Robert A. Butterworth, Attorney General, and Roberta G. Mandel, Assistant Attorney General, for appellee.
Before JORGENSON, LEVY, and FLETCHER, JJ.
PER CURIAM.
The defendant, Sabastian Jacobs, appeals his conviction and sentence for the unlawful possession of a firearm by a violent career criminal. We affirm.
One evening two police officers observed a vehicle traveling at a high rate of speed. Both officers pursued the vehicle until it stopped near a residential area; two occupants bailed out of the vehicle and fled. Both officers saw the driver's face. A search for the suspects led to an apartment where its resident gave officers permission to search. Inside, police found the defendant who was identified by both of the original pursuing officers as the driver. In the vehicle, the officers found a handgun partially hidden under the driver's seat and the defendant's driver's license on the driver's seat.
In order to establish that the defendant had constructive possession of the firearm the state must show that the defendant knew of its presence, knew of its illicit nature, and had or shared dominion and control over it. See Brown v. State, 428 So.2d 250, 252 (Fla.1983); Torres v. State, 520 So.2d 78, 79-80 (Fla. 3d DCA 1988). Since the location where the firearm was found was in joint, rather than exclusive, possession of the defendant, then knowledge of the firearm's presence and the defendant's ability to control it will not be inferred but must be established by independent proof. Id.
The owner of the vehicle testified that the firearm did not belong to her. Two police officers positively identified the defendant as the driver of the vehicle and found the defendant's driver's license on the driver's seat. The firearm was located to the far left of the driver's seat near the driver's door and away from the reach of the passenger. The gun was positioned such that the back half of the weapon was "sticking out" in plain view. Finally, after police engaged the vehicle driven by the defendant, he fled and attempted to evade detection.[1] Based on the totality of these facts, we hold that the evidence was sufficient for the jury to find that the defendant exercised constructive possession of the firearm. See Wilcox v. State, 522 So.2d 1062 (Fla. 3d DCA 1988).
Affirmed.
NOTES
[1] Naturally, evidence of the defendant's flight cannot be the sole evidence of the defendant's consciousness of guilt. See Merritt v. State, 523 So.2d 573, 574 (Fla.1988); Straight v. State, 397 So.2d 903, 908 (Fla.1981); State v. Young, 217 So.2d 567 (Fla.1968); Daniels v. State, 108 So.2d 755 (Fla.1959); Blackwell v. State, 79 Fla. 709, 86 So. 224 (1920). Flight alone is no more consistent with guilt than innocence. See Merritt, 523 So.2d at 574; Whitfield v. State, 452 So.2d 548 (Fla.1984). However, "when a suspect endeavors to evade prosecution by flight, such fact may be shown in evidence as one of the circumstances from which guilt may be inferred." Spinkellink v. State, 313 So.2d 666, 670 (Fla. 1975). This rule is consistent with the supreme court's opinion in Fenelon v. State, 594 So.2d 292, 294-95 (Fla.1992) where it held that it is improper for the trial court to give a jury instruction on flight when evidence of flight has been properly admitted. Accordingly, the supreme court in Fenelon did not prohibit the admission of flight evidence but merely restricted the trial judge from commenting on it. See Fenelon, 594 So.2d at 294-95; State v. St. Jean, 658 So.2d 1056, 1058 (Fla. 5th DCA 1995).