MONACO, J.
 

 The appellant, Anthony Lewis, appeals separate judgments and sentences of the trial court sending him to prison after concluding that he violated probation and community control. The sole issue for our
 
 *371
 
 consideration is whether Mr. Lewis violated his community control and probation by possessing a 10 inch knife and pornographic DVDs, and in failing to keep his probation officer apprised of his employment status. We affirm the determination of the trial court to the effect that the appellant violated his probationary and community control placements.
 

 In order to prove exclusive constructive possession, the State must prove both that the accused had dominion and control over the contraband and that he or she had knowledge that the contraband was in his or her presence. Where the premises on which the contraband is found is not in the exclusive possession of an accused, knowledge of the presence of the contraband on the premises and the ability of the accused to maintain control over it may not be inferred, and must be established by independent proof. Thus, the mere proximity to contraband is not sufficient to establish exclusive constructive possession. See
 
 J.J.N. v. State,
 
 877 So.2d 806 (Fla. 5th DCA 2004).
 
 See also K.A.K v. State,
 
 885 So.2d 405, 406 (Fla. 2d DCA 2004);
 
 Diaz v. State,
 
 884 So.2d 387, 388 (Fla. 2d DCA 2004);
 
 State v. Bell,
 
 882 So.2d 468, 470 (Fla. 5th DCA 2004);
 
 Lindsey v. State,
 
 793 So.2d 1165, 1166 (Fla. 1st DCA 2001). Moreover, where possession of the contraband is joint, the State must present additional evidence to support the inference of knowledge and the ability to control.
 
 See Brown v. State,
 
 428 So.2d 250, 252 (Fla.),
 
 cert. denied,
 
 463 U.S. 1209, 103 S.Ct. 3541, 77 L.Ed.2d 1391 (1983);
 
 Frank v. State,
 
 199 So.2d 117,120 (Fla. 1st DCA 1967).
 
 See also Lopez v. State,
 
 711 So.2d 563 (Fla. 2d DCA 1997);
 
 Torres v. State,
 
 520 So.2d 78 (Fla. 3d DCA 1988). We, therefore, agree with Mr. Lewis that the State failed to prove that he had dominion and control over the contraband found in a room in which he slept on some occasions, or that he had knowledge that the contraband was in his presence.
 

 On the other hand, we disagree with his position regarding the other charged violation of probation. We conclude in this regard that the trial court did not abuse its discretion in determining that Mr. Lewis violated his probation by failing to abide by the explicit directions of his probation officer to keep her advised of his employment status. Mr. Lewis admitted as much in his testimony. This violation alone, while technical in nature, is sufficient to authorize a revocation of probation, and was in this case fully supported by the facts.
 
 See Aaron v. State,
 
 400 So.2d 1033 (Fla. 3d DCA),
 
 review denied,
 
 408 So.2d 1095 (Fla.1981) (discharge by employers may afford justification for not maintaining employment but does not justify failure to notify probation officer). Moreover, a fair reading of the testimony presented at the revocation hearing indicates that the trial court would have revoked Mr. Lewis’s probation for either of the violations listed. Accordingly, we affirm the judgments revoking probation as well as Mr. Lewis’s community control sentences.
 
 See Simmons v. State,
 
 913 So.2d 19, 24 (Fla. 2d DCA 2005).
 

 We note, however, that the written orders of revocation fail to specify the conditions that Mr. Lewis violated. Thus, while the judgments and sentences on appeal are affirmed, we remand to the trial court for correction of the written orders concerning revocation of probation in order for them to reflect the specific conditions violated.
 
 See Payne v. State,
 
 920 So.2d 742 (Fla. 5th DCA 2006).
 

 AFFIRMED and REMANDED with INSTRUCTIONS.
 

 GRIFFIN and COHEN, JJ., concur.