# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-2808

_____

CHRISTOPHER ANTIAWN JONES,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Alachua County.
James M. Colaw, Judge.

October 16, 2018

ROWE, J.

Christopher Antiawn Jones appeals his judgment and sentence for possession of cocaine, arguing that his motion for judgment of acquittal should have been granted because the State failed to prove the elements of constructive possession. We agree and reverse.

Jones and passenger Namre'h Lyles were pulled over by a state trooper on the interstate for following too closely to the car in front of them. Jones told the trooper he did not have his license, and Jones was instructed to exit the vehicle. Jones and the trooper walked behind Jones's vehicle and stood at the front of the trooper's vehicle where Jones was questioned. Lyles remained inside the vehicle.

Jones told the trooper that his name was Brandon Tremaine Bennett and that the car he was driving had been rented by his sister. After discovering that Jones had provided a false name, the trooper called a K9 unit to the scene. Jones and the trooper continued talking by the patrol car. Lyles remained in the rental car.

When the K9 unit arrived approximately nine minutes later, Lyles exited the vehicle. The canine "Mako" alerted and the troopers searched the rental car. They found Jones's identification in the driver's door pocket and a paper CD case containing marijuana on the driver's seat. Lyles had a marijuana grinder in her purse. Inside the closed center console, the troopers found a baggie of cocaine and a box of "Swisher cigars." After waiving his *Miranda* rights, Jones admitted his real name was Christopher Jones and that the marijuana found on the driver's seat belonged to him. But he denied knowledge of the cocaine found in the center console.

Jones was charged with providing false identification to a law enforcement officer, possession of less than 20 grams of marijuana, possession of drug paraphernalia, and possession of cocaine.

At trial, Jones's defense counsel admitted to all charges except possession of cocaine. The defense moved for judgment of acquittal, arguing that the State was required to provide independent proof that Jones had knowledge of the cocaine and the ability to maintain dominion and control over it because the rental vehicle was jointly occupied. Defense counsel also argued that the cocaine could have been in the rental car before Jones took control over it or Lyles could have placed it in the center console during the approximately nine minutes she was left alone in the vehicle while Jones was outside the vehicle being questioned by the troopers. The trial court denied the motion, and Jones was convicted as charged.

The evidence against Jones at trial was circumstantial. The cocaine was not found on his person and he was not seen placing the cocaine in the center console. Thus, in reviewing the trial court's denial of the motion for judgment of acquittal, we "must determine whether the State presented competent evidence from which the jury *could* exclude every reasonable hypothesis except

2

guilt." *State v. Burrows*, 940 So. 2d 1259, 1262 (Fla. 1st DCA 2006) (emphasis in original).

The State's case was based on a theory that Jones was in constructive possession of the cocaine. Constructive possession exists where the defendant does not have physical possession of the contraband but knows of its presence and can maintain dominion and control over it. *See Knight v. State*, 186 So. 3d 1005, 1012 (Fla. 2016); *Julian v. State*, 545 So. 2d 347, 348 (Fla. 1st DCA 1989). But because the rental car in which the troopers found the cocaine was in joint possession, rather than in Jones's exclusive possession, "knowledge" and "ability to maintain dominion and control" could not be inferred from Jones's mere proximity to the contraband. *See Evans v. State*, 32 So. 3d 188, 189-90 (Fla. 1st DCA 2010). Rather, the State was required to establish independent proof of Jones's knowledge and ability to maintain control over the cocaine, such as evidence of incriminating statements or actions or circumstantial evidence from which a jury might properly infer that Jones had knowledge of the presence of the cocaine. *Kemp v. State*, 166 So. 3d 213, 217 (Fla. 1st DCA 2015) (quoting *Julian*, 545 So. 2d at 348); *Robinson v. State*, 936 So. 2d 1164, 1167 (Fla. 1st DCA 2006); *Brown v. State*, 8 So. 3d 1187, 1189 (Fla. 4th DCA 2009).

This Court's decision in *Kemp* is instructive. 166 So. 3d at 213. There, officers executed a search warrant at a residence and searched a vehicle parked in the fenced-in area adjacent to the home. *Id.* at 214. Inside the vehicle's glove compartment, officers found a car rental agreement bearing Kemp's name. *Id.* In the closed center console, officers found a handgun and a receipt for payment of a T-Mobile cell phone bill, also bearing Kemp's name. *Id.* at 215. The phone bill was dated two days before the search. *Id.* Officers did not perform any DNA or fingerprint testing on the firearm or any other items, and none of the occupants of the residence, including Kemp, claimed ownership of the gun. *Id.* Kemp was arrested and charged based on the fact that his name was on both the rental agreement of the vehicle and on the receipt inside the center console with the gun. *Id.* Kemp moved for judgment of acquittal, arguing that the State failed to prove a prima facie case of possession of a firearm. *Id.* The trial court denied the motion based on the presence of the T-Mobile receipt

3

bearing Kemp's name in the same container that was holding the gun. *Id.*

We reversed Kemp's conviction, finding that the State presented no evidence to rebut Kemp's hypothesis that other individuals either drove or occupied the car in the intervening two days between the date on the receipt and the search. *Id.* We noted that "although the presence of the T-Mobile receipt bearing Appellant's name suggests Appellant may have placed the receipt there, '[s]uch an inference, however, provides no time frame with regard to when the [gun] came to reside' in the console, 'nor any help as to appellant's present dominion over the [gun].'" *Id.* (quoting *Evans*, 32 So. 3d at 191).

Similarly, here, the State failed to present independent proof that Jones had knowledge and control over the cocaine found in the closed center console of a jointly occupied vehicle. In arguing that Jones had knowledge and control over the cocaine, the State relied heavily on Jones's multiple requests to the troopers during the time he was questioned outside the vehicle to smoke a "Black and Mild," along with evidence that "Swisher cigars" were found in the closed center console where the cocaine was found. However, there was no testimony or evidence that a "Black and Mild" cigarette is the same as a "Swisher cigar." And, while it is true that "[a]n inference of knowledge and dominion and control may arise where the contraband located in a jointly occupied area is found in or about other personal property which is shown to be owned or controlled by the defendant[,]" such an inference cannot be made in this case because the State failed to establish that the "Swisher cigars" found in the center console belonged to Jones. *Edwards v. State*, 186 So. 3d 1069, 1072 (Fla. 2d DCA 2016)

Even viewing the evidence in a light most favorable to the State and assuming the "Swisher cigars" found in the center console belonged to Jones, such evidence would not be sufficient to establish Jones's knowledge of the cocaine or rebut Jones's hypothesis of innocence. Although the cigars were present in the center console at the time of the search, no time frame was established with regard to when the cocaine came to reside in the center console, nor was there any indication of Jones's present dominion over the cocaine. *See Kemp*, 166 So. 3d at 215; *Evans*, 32

4

So. 3d at 191. The trooper took Jones's fingerprints, but the baggie of cocaine was never tested for fingerprints or DNA. The car was a rental vehicle, and the State never presented evidence of the timeline of when Jones gained access to the vehicle and for how long the vehicle was in Jones's possession before he was stopped.

Moreover, while the proximity of the "Swisher cigars" to the cocaine might be consistent with Jones having knowledge and control over the cocaine, those facts are equally susceptible to the reasonable hypothesis argued at trial that it was Lyles who placed the cocaine in the center console while Jones and the trooper were talking outside. The dash cam footage played at trial showed that Lyles was alone in the vehicle for at least nine minutes while Jones and the trooper were behind the vehicle and out of view. The State failed to present sufficient evidence or testimony to rebut Jones's hypothesis that Lyles placed the baggie of cocaine in the center console during that time. *See Kemp*, 166 So. 3d at 215; *see also N.K.W., Jr. v. State*, 788 So. 2d 1036, 1038 (Fla. 2d DCA 2001) (holding evidence was insufficient to establish constructive possession where, although drugs were found in a plastic bag inside defendant's wallet, defendant was never asked if the bag belonged to him, no fingerprints were lifted from the bag, defendant denied ownership of the bag, and multiple people had access to the room where his wallet was located).

The State also argued that while Jones and Lyles were in the back of the trooper's vehicle, Jones apologized to Lyles "about the process that this is" and indicated his intention to "let them know that, too." The State contends that these statements support an inference that "that" refers to the cocaine found in the center console and that Jones had knowledge of it. After careful review of the record, we find that Jones's statements to Lyles are far too vague to support an inference that he had knowledge of the cocaine. Nor do the statements by Jones to Lyles rebut Jones's reasonable hypothesis that it was Lyles who placed the cocaine in the center console.

Finally, the State argues that Jones's nervousness and conduct during questioning by the troopers is independent proof of his knowledge of the cocaine found in the vehicle. But Jones's nervousness and failure to perceptibly react when he heard about

5

the discovery of the cocaine in the vehicle does not constitute independent proof of Jones's dominion or control of the cocaine because Jones's nervousness could equally be attributable to the fact that Jones had been stopped or that he was found with marijuana on the driver's seat and driving without a license. *See Smith v. State*, 123 So. 3d 656, 658 (Fla. 2d DCA 2013).

Because the State failed to rebut Jones's reasonable hypothesis of innocence or provide independent proof that he had knowledge and control over the cocaine found in the center console, the trial court erred in denying the motion for judgment of acquittal. Jones's conviction and sentence for possession of cocaine are REVERSED.

B.L. THOMAS, C.J., and M.K. THOMAS, J., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Andy Thomas, Public Defender, and Glenna Joyce Reeves, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Steven E. Woods, Assistant Attorney General, Tallahassee, for Appellee.