# Third District Court of Appeal
## State of Florida

Opinion filed Otcober 29, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2209
Lower Tribunal No. F11-29784
_____

**Everette Slocum,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Milton Hirsch, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Richard L. Polin, Chief Assistant Attorney General and Ryan Schelwat, Assistant Attorney General, for appellee.

Before EMAS, GORDO and BOKOR, JJ.

PER CURIAM.

Everette Slocum appeals an order revoking his probation[1] and sentencing him to twenty-five years in prison. We affirm the trial court's determination that Slocum violated the condition of his probation prohibiting him from possessing, carrying or owning any weapon, without first procuring the consent of the probation officer. See Smith v. State, 175 So. 3d 900, 903 (Fla. 1st DCA 2015) (State can "establish the control element of possession through independent proof, such as fingerprints, an admission, or evidence of other incriminating statements or circumstances"); Julian v. State, 545 So. 2d 347 (Fla. 1st DCA 1989) (holding defendant's negotiation with undercover police the night before crack cocaine was found in his jointly-occupied hotel room was sufficient independent proof of constructive possession).

Slocum also contends we must vacate that portion of the trial court's written revocation order that concluded Slocum violated his probation by committing a new law violation (first-degree murder) while on probation.

As an initial matter, we note that the trial court did not enter the written revocation order until after Slocum filed his notice of appeal. However, the

---

[1] In 2014, pursuant to a negotiated plea, Slocum was adjudicated guilty of attempted armed robbery and attempted first-degree murder. He was sentenced to five years in prison, followed by ten years of probation.

trial court retained jurisdiction for the ministerial purpose of rendition of the revocation order, which was accomplished prior to the record on appeal being docketed in this court. See Fla. R. App. P. 9.600(a) (providing that trial court has concurrent jurisdiction, following a notice of appeal, "to render orders on any other procedural matter relating to the cause, subject to the control of the court, provided that clerical mistakes in judgments, decrees, or other parts of the record arising from oversight or omission may be corrected by the lower tribunal on its own initiative after notice or on motion of any party before the record is docketed in the court . . . ."); Escobar v. State, 189 So. 3d 1029 (Fla. 4th DCA 2016) (holding trial court retains jurisdiction to issue a written order which conforms to its oral pronouncement after a notice of appeal has been filed).

Slocum's contention appears to have merit: While the affidavit of violation of probation did allege a new criminal law violation, the transcript of the probation violation hearing reveals the State did not introduce evidence to prove this allegation. Nor did the trial court orally pronounce, at the conclusion of the probation violation hearing, that the State established Slocum violated his probation by committing this new law violation. As a general rule, where there is a conflict between the trial court's oral pronouncement and its subsequently rendered written order, the oral

3

pronouncement controls. See Frazier v. State, 388 So. 3d 246 (Fla. 3d DCA 2024) (holding that where there is a conflict between the written order of revocation and the oral pronouncement revoking probation, the oral pronouncement controls); Smith v. State, 306 So. 3d 1147 (Fla. 3d DCA 2020).

Nevertheless, and as the State points out, the proper procedure required Slocum to file a motion to correct sentencing error in the trial court, either before filing the notice of appeal, pursuant to Florida Rule of Criminal Procedure 3.800(b)(1) (which in this case was not possible, since the written order was not rendered until after the notice of appeal had been filed) or while the appeal was pending, pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) ("If an appeal is pending, a defendant or the state may file in the trial court a motion to correct a sentencing error. The motion may be filed by appellate counsel and must be served before the party's first brief is served. A notice of pending motion to correct sentencing error shall be filed in the appellate court, which notice automatically shall extend the time for the filing of the brief until 10 days after the clerk of circuit court transmits the supplemental record under Florida Rule of Appellate Procedure 9.140(f)(6)."). See Thomas v. State, 763 So. 2d 316 (Fla. 2000) (approving district court's decision holding that a conflict between an oral

4

pronouncement that defendant violated one condition of probation and the written revocation order that he violated an additional seven conditions of probation was not fundamental error correctable on appeal absent preservation, as the asserted error had "no quantitative effect on the sentence," and further noting that the defendant or the State may seek to correct a scrivener's error by filing a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)); Frazier, 388 So. 3d at 249 (applying Thomas and affirming revocation and sentence without prejudice to the filing of a motion to correct the conflict between the oral pronouncement and written revocation order).

We therefore affirm the trial court's revocation of Slocum's probation and imposition of sentence upon its determination that Slocum violated the condition of his probation prohibiting him from possessing, carrying or owning any weapon, without first procuring the consent of the probation officer. Our affirmance is without prejudice to the filing of an authorized postconviction motion seeking to correct any conflict between the trial court's oral pronouncement of revocation and the written order of revocation, regarding those violations found by the trial court to have been proven.

Affirmed.